```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DANIEL FETZER,

    Plaintiff,

v.                           Case No: 2:18-cv-614-FtM-29MRM

ALLEN FRANCES,

    Defendant.

_____

### ORDER

This matter comes before the Court on pro se plaintiff's Affidavit of Indigency construed as a motion to proceed *in forma pauperis* (Doc. #2) filed on September 11, 2018. Plaintiff Daniel Fetzer, who is civilly committed at the Florida Civil Commitment Center (FCCC), initiated this action by filing a 42 U.S.C. § 1983 complaint against Dr. Allen Frances for violating his due process rights, his right to liberty, and his right to be free from cruel and unusual punishment. Because Plaintiff is seeking for leave to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

**I.**

Dr. Frances is a psychiatrist who specializes in behavioral disorders including forensic and psychiatric issues related to sexually violent predators (SVP). Dr. Frances was the Chair of

the DSM IV Task Force and is currently Professor Emeritus of Psychiatry and Behavioral Sciences at Duke University. Id. In 2013, Dr. Frances wrote an article in which he opined that rape is a crime and not a mental disorder. Dr. Frances opined that many psychiatrist misdiagnose rape and other SVP crimes as mental disorders when in reality they are criminal acts. Plaintiff asserts that if Dr. Frances had testified on his behalf in previous hearings, he would not have been committed to the FCCC. While not exactly clear it appears Plaintiff wants Dr. Frances to either come and testify on his behalf or to pay him 100 million dollars.

**II.**

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
> > (i)  is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level", and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In making the above

determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

Despite Plaintiff's non-prisoner status, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it dismissed a complaint filed by a civil detainee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (determining that § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*).

**III.**

Plaintiff believes that he is being wrongfully held at the FCCC because Dr. Frances did not testify as his expert. While not entirely clear from his Complaint, Plaintiff appears to argue that he would never have been committed to the FCCC if Dr. Frances testified on his behalf. Even now, Plaintiff believes that he could be released from his civil commitment if Dr. Frances would testify on his behalf.

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges,

or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

Taking the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, they fail to state an actionable § 1983 claim against Dr. Frances. Plaintiff provides no factual basis that directly connects Dr. Frances to this case nor does he make a casual connection between Dr. Frances and any act that deprived him of a constitutional right. Instead, Plaintiff refers to an article written by Dr. Frances in 2013 in which Dr. Frances opined that some acts performed by sexually violent predators, such as rape, were criminal acts and not mental disorders. Plaintiff argues that Dr. Frances' opinion is a basis for his release from his civil commitment to the FCCC because it establishes that he does not suffer from a mental disorder. However, Plaintiff cannot connect Dr. Frances to any conduct or

action that deprived him of his liberty.  Dr. Frances simply wrote an article that criticizes the method with which some civil commitments are imposed.

Further, Dr. Frances is not a state actor.  When a plaintiff seeks to bring a constitutional claim against a private party, the Court must inquire as to whether the private party acted under color of state law.  "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (editorial marks and internal quotation marks omitted).  The Eleventh Circuit has held that, before a court can find a private party to be a state actor for § 1983 purposes, one of the following three conditions must be met:  (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had "so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise" (nexus/joint action test). Id.

Plaintiff does not allege or provide a factual basis that Dr. Frances is a state actor.  Dr. Frances is private person that has no relationship with the FCCC, the State of Florida, or with Plaintiff's case.  Dr Frances does not perform a public function

nor is he in any way a joint participant in the FCCC or involved in Plaintiff's commitment. Given that Dr. Frances was not a state actor for §1983 liability, he cannot be held liable under 42 U.S.C. § 1983.

**IV.**

Finally, the Court concludes that "a more carefully drafted complaint" could not state a claim. As a general rule, a pro se plaintiff, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991) (emphasis added) overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, there are two circumstances in which the district court need not grant leave to amend under Bank: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile. Johnson v. Boyd, 568 F. App'x 719, 723 (11th Cir. 2014) (citing Bank, 928 F.2d at 1112). As to the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to amend the complaint. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). As to the second exception, where the issue of futility is close, we err on the side of generosity to the plaintiff.

O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1206 (11th Cir. 2003).

Here, Plaintiff makes no allegations that would establish an affirmative causal connection between Dr. Frances and Plaintiff's alleged constitutional deprivations nor does the Court see a plausible connection. Additionally, Plaintiff has failed to allege any facts showing that Dr. Frances is a state actor. Consequently, Plaintiff's 42 U.S.C. § 1983 complaint fails to state a claim on which relief can be granted. Filing an amended complaint would be futile, and therefore, Plaintiff will not be ordered to file an amended complaint.

Accordingly, it is hereby

**ORDERED:**

(1) Pro Se Plaintiff's Affidavit of Indigency construed as a motion to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

(2) Plaintiff's case is **DISMISSED with prejudice**.

(3) The Clerk of Court is hereby directed to enter judgment accordingly, terminate all pending motions and deadlines, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2